IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
JUNE SESSION, 1998

FILED

August 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 03C01-9708-CR-00361 |
| Appellee | ) | |
| | ) | SULLIVAN COUNTY |
| vs. | ) | |
| | ) | Hon. Phyllis H. Miller, Judge |
| LARRY DALE RAMSEY, | ) | |
| | ) | (Sentencing) |
| Appellant | ) | |

For the Appellant:

**Cary C. Taylor**
547 East Sullivan Street
Kingsport, TN 37660

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Sandy C. Patrick**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**H. Greeley Wells, Jr.**
District Attorney General

**Barry Staubus**
Asst. District Attorney General
Blountvile, TN 37617

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Larry Dale Ramsey, appeals the decision of the Sullivan County Criminal Court imposing an effective eight year Department of Correction sentence following entry of his guilty pleas to one count of rape and two counts of sexual battery. In this appeal, the appellant contends that the trial court erred in denying him a non-incarcerative alternative sentence.

After a review of the record, we affirm the sentence imposed by the trial court.

## Background

The appellant's convictions result from the appellant's ongoing sexual abuse of the thirteen year old daughter of his live-in girlfriend. The appellant conceded that his aberrant behavior began in June 1994.

> When we lived in Bristol Heights, about 15 months or so ago. [The victim] was fourteen years old and we were laying on the couch together, I had been watching tv when she came over to lay down. She asked me to rub her back and I was rubbing it. I thought she was awake, but she might have dozed off. I believe she was wearing shorts and a shirt. The shirt was pulled up so I could rub her back. I was almost asleep myself, but I remember putting my hand down the back of her shorts and rubbed her [vagina]. After I rubbed it, I put my finger in her. I only left it in her for a couple of seconds and I stopped because I knew what I was doing was wrong. I don't know if she was awake or not when I did it, but she did wake up later and get (sic) up to go to bed. I never touched her again until we moved to 416 Hilltop Rd. I have never put my finger in her since then. I have rubbed her breasts over her clothes maybe 12 times over the last year. I have also rubbed her [vagina] over her clothes and under her clothes quite a few times over the last year. I've never done any of these things to her with her permission or while I thought she was awake. I never wanted to hurt [her] and I'm not sure why I did this to her.

Since the occurrence of these offenses, the victim and her mother have moved out of the appellant's home.

Although charged with one count of rape and thirteen counts of sexual battery, the appellant pled guilty, on January 6, 1997, to one count of rape and two counts of sexual battery. The negotiated plea agreement provided that the appellant would be sentenced to eight years for rape and to one year for each count of sexual battery, all to run concurrently. The manner of service of the sentences were to be submitted to the trial court. On May 2, 1997, a sentencing hearing was conducted.

No witnesses were called by the State or the appellant at the sentencing hearing. Rather, the parties submitted and relied upon the presentence report and letters of good character from the appellant's ex-wife and his employer. The presentence report revealed that the appellant is a forty-four year old high school graduate with no prior criminal record. He is in good physical and mental condition and does not drink alcohol nor does he use illegal drugs. The appellant has two adult children from a prior marriage that ended in 1980. Since 1982, he has maintained stable employment as an electrician.

Included in the presentence report was a statement made by the victim:

> If you grew up without a father you would probably understand how I feel. There's nothing worse than the feeling of seeing all of these family's [sic] happy and knowing that your family isn't completely complete without a father. Then when you have the chance to have a real family, everything just goes away just like it was a dream. I don't know if the judge will put him on probation or send him to prison but I do know that if there is any way possible that I could still have contact with him I would be the happiest girl in the world. I wouldn't care if there had to be someone with us at all times when I see him, just as long as I still got to see him. I always believed that you learn from your mistakes. In this case its a big one but that doesn't mean you have to be punished for every mistake that you made. I know that if I got sent off for every big mistake that I made I would be sent off until I'm 50. So what I'm saying is or should I say asking is, please don't put him in prison.

The trial court also had the benefit of a psycho sexual evaluation of the appellant completed by Counseling and Consultation Services, Inc., a private non-profit counseling center in Johnson City. The clinical interview of the appellant

indicated that the appellant "appears to have significantly objectified his victim giving minimal thought to how his offending was affecting her. He is unaware of how his being sexual with his victim has negatively affected her despite reporting of her running away, being placed in detention, etc." The evaluation concluded that the appellant was in need of Specialized Sexual Offender Treatment, which could be maintained on an out-patient basis, and, more significantly, that the appellant "should have **no** contact with anyone under the age of 18. . . ." (emphasis in original).

The court, in a thorough application and consideration of relevant sentencing principles, found:

> So, [the victim] was just less than a month, maybe, two, three weeks past her thirteenth birthday when this all started. . . . [Y]ou [stated], . . . 'What I did was wrong. . . . This sort of thing . . . will never happen again.' Well, now, I am assuming that statement went to what happened in 1994. But it happened in 1995 twice, and that's just what you pled guilty to. That's two more sexual battery offenses against the same victim in 1995. You had a whole year to think about it. . . . You state, I care about [the victim] and her mother very much; and if I am put on probation, I believe that I pose no threat to anyone. You have lived and worked in the community for the past twenty-five years. And have never caused problems for anyone before this incident. Now, her mother was your live-in girlfriend for seven years. The little girl said, 'It didn't really hurt me mentally until I found out that Larry may go to prison. . . . " Now, that is pitiful. . . .
>
> She's fifteen years old. She is still too young to have any judgment about what you did to her. . . . Seven years, she was what, six years old when you started living with her mother. . . . And the probation report states no mitigating factors. It lists two enhancing factors, it involved a victim, was committed to gratify the defendant's desire for pleasure or excitement. You abused a position of public or private trust. . . .
>
> You have no prior record. You completed high school. You went to a vocational school to become an electrician. That's all in your favor. But then again, you know, you could be a bank president, and be beating your wife . . . because this is a secret crime. . . . You are not taking any drugs, no alcohol since 1989. . . . You have an ex-wife, two grown sons. . . .
>
> . . . If you had to pick victims, this little girl is probably the epitome of the definition of victim. She has nobody, nobody. So let me see what enhancement factors there are. The victim of the offense was particularly vulnerable because of age, or physical or mental disability.

4

. . .[1] Age is not an element in this crime of rape. . . . Number seven applies. . . it involved a victim, was committed to gratify your desire for pleasure or excitement.[2] And number fifteen, you abused a position of private trust. . . . [3] You had a little girl who didn't have a Daddy. . . . But - - - and she wanted a Daddy, and she had lived with you from the time that she was six, and in her mind, she was your daughter. You were the closest thing she ever had to a Daddy. And so, I give great weight to those enhancement factors. . . . Nothing exists to excuse or justify your conduct. . . . You are old enough to know better. [T]here are no mitigating factors. And on community corrections, . . .

. . . You are not eligible for community corrections. I didn't think it applied to sex offenders. So, should you be placed out in the community. . . .

So, now, whether or not you should get probation.

. . .

Now, this is a B felony. You are not presumed to be a favorable candidate for alternative sentencing options. . . . I find that the presumption - - - let's see, you are not presumed to be a favorable candidate. So, I find that, number one, confinement is necessary to protect society. Number two, in your case, confinement is necessary to avoid depreciating the seriousness of the offense. you don't go out and steal and plunder, rape women on the street; but you raped a little girl in what was the only home she had. So, probation is denied.

### Analysis

Again, the appellant contests the trial court's order denying him a non-incarcerative sentencing alternative. Specifically, he asserts that the trial court incorrectly applied enhancement factors and unjustly rejected mitigating factors in determining that a sentence of confinement was necessary to protect society and to avoid depreciating the seriousness of the offense.

When a sentencing determination is challenged on appeal, this court conducts a *de novo* review with consideration of the evidence received at the

---

[1]See State v. Walton, 958 S.W.2d 724, 729 (Tenn. 1997).

[2]See State v. Carico, No.03S01-9610-CR-0009 (Tenn. at Knoxville, Apr. 27, 1998) (*for publication*).

[3]See Carico, No. 03S01-9610-CR-0009.

sentencing hearing, the presentence report, the principles of sentencing and arguments to sentencing alternatives, the nature and characteristics of the criminal conduct involved, any statutory enhancing or mitigating factors, any statement that the defendant made on his own behalf, and the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§§ 40-35-102 (1995 Supp.); 40-35-103 (1990); 40-35-210 (1995 Supp.). Although a *de novo* review is conducted by this court, the trial court's determination is presumed correct on appeal, conditioned upon an affirmative showing in the record that the trial court properly considered relevant sentencing principles. Tenn. Code Ann. § 40-35-401(d) (1990); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the present case, this court could not have conducted a more thorough and complete review of the applicable sentencing considerations. The presumption of correctness applies. Moreover, the appellant bears the burden of showing that the sentence imposed by the trial court is improper. See Tenn. Code Ann. § 40-35-210(b)(3).

Because rape is a class B felony, the appellant is not presumed to be a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(6). Moreover, even though the presumption applies to his two remaining class E felonies, this presumption may be overcome by "evidence to the contrary." See Tenn. Code Ann. § 40-35-102(6); Tenn. Code Ann. § 40-35-103(1) (1990) (defining what constitutes sufficient evidence to the contrary). Inasmuch as they are relevant to establishing sufficient "evidence to the contrary," the trial court may consider any applicable statutory mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 (1990); and -114 (1995 Supp.). See State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App. 1996). We find no error in the application of enhancement factors nor in the rejection of any mitigating factors.

In reviewing the propriety of the sentence imposed by the trial court, we do not find error in the court's application of the relevant sentencing principles. We do

6

find the appellant's offenses reprehensible and offensive. Moreover, we find the offenses excessive and exaggerated based upon the extended period over which the sexual abuse occurred. We also take into account the relative ages of the appellant and the victim and the relationship between the two. Furthermore, as indicated by the psycho sexual evaluation, we find the appellant to be a poor candidate for rehabilitation.

The appellant has failed to establish that the sentencing decision of the trial court is improper. The record fully supports the trial court's determination denying the appellant a non-incarcerative sentence. We agree with the trial court that a sentence of incarceration is justified.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOSEPH M. TIPTON, Judge